■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN LEWIS ENGLISH, Appellant.— Judgment unanimously reversed on the law and facts and a new trial granted, for the reasons stated in *People* v. *Burney* (20 A D 2d 617) in which case defendant was a codefendant at the time of the trial of defendant English. (Appeal from judgment of Onondaga County Court convicting defendant of violation of subdivision 5 of section 690 of the Penal Law [sodomy-felony].) Present — Williams, P. J., Bastow, Henry, Noonan and Del Vecchio, JJ.

■ JOHN L. MERRITT, Appellant, v. JEAN CLOW, Respondent.— Judgment unanimously reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: The complaint was improperly dismissed at the close of the evidence. Questions of fact were presented that should have been submitted to a jury. (Appeal from judgment of Monroe Trial Term dismissing the complaint in an automobile negligence action.) Present — Williams, P. J., Bastow, Noonan and Del Vecchio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. FRANK JOSEPH D'AGOSTINO, JR., Appellant, v. ROBERT MURPHY, as Warden of Auburn Prison, Respondent.— Order unanimously reversed on the law, writ sustained, and relator remanded to the Sheriff of Nassau County for resentence. Memorandum: One of relator's contentions is that he was not given the right to speak after the court had asked if he had any legal cause to show why judgment should not be pronounced against him (Code Crim. Pro., § 480). At the time of sentence he was represented by an attorney, and after the question was asked his attorney addressed the court and mentioned a conference in chambers, and then commenced what appears to have been a plea for clemency, but he was rather abruptly and quickly stopped by the court with the observation that the court had discussed the matter in chambers with him, the Probation Department, and the District Attorney. The relator, either personally or through his attorney, should have been given a reasonable and adequate opportunity to state his contentions. As we have indicated, so far as he had been permitted to talk, his plea seemed to be for clemency rather than to state reasons why sentence should not be pronounced, but we cannot speculate on what else he would have said if he had been given the opportunity. The relator claims that he had asked his attorney to obtain permission for the relator personally to address the court. Such a request might have been included in the attorney's plea had he been allowed to continue. We cannot conclude that his address to the court would have been no more than a plea for clemency. As we have said, he was precluded by the court in a very summary manner. Under the facts of this case, the relator is entitled to a resentence, with the full opportunity for him or his attorney to state reasons why sentence should not be pronounced. It is unnecessary for us to pass on any of the other contentions of the relator. (Appeal from order of Cayuga County Court dismissing, following a hearing, a writ of habeas corpus and remanding relator to custody of Warden.) Present — Williams, P. J., Bastow, Noonan and Del Vecchio, JJ.